445 P.2d 142

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Jack Henry ABBOTT, Defendant and Appellant.**

**No. 10989.**

Supreme Court of Utah.

Sept. 24, 1968.

Jack Henry Abbott, pro se, Robert B. Hansen, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a conviction of assault with a deadly weapon by one convict on another by means of a knife. Affirmed.

Appellant was represented by the Public Defender throughout the trial. At the trial he asked the court to dismiss his counsel, claiming the former's incompetence, all of which is not supported by the record, including the contention that his counsel was not successful in his motion for a mistrial because the appellant, an in-mate of the state prison, was brought into court in prison garb. Appellant urges that the trial court was arbitrary and implies that the latter was unfair, if not also incompetent. Further, he accuses the district attorney of bias and prejudice. Thereafter, on appeal, this court, at appellant's request, appointed a very competent member of the Bar to pursue this appeal, who, apparently at his own expense, prepared and filed what we consider a highly commendable, scholarly document. This document and his counsel's efforts appellant considered substandard and incompetent. He then requested permission of this court to file a typewritten brief pro se on usually unacceptable paper and of different size, all of which were abortive of the rules. He was granted this permission, nonetheless, and filed a handwritten brief, which appears to have been penned by someone else, —not by him.

With this background of accusation and insinuation, appellant ties his thesis to Miranda v. State of Arizona.[1] Even the controversial principles therein espoused, — quite offensive to a large segment of Bench and Bar and law enforcement agencies, seem inapplicable here.

The appellant concedes that he stabbed the other inmate when in his protracted brief, he included significantly that "The alleged victim, James Christenson, did not

1. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

pass away until three weeks after appellant stabbed him." Also, it is significant that the only basis that could justify this fact statement would be an assignment of error on appeal to the effect that the evidence failed to support the jury's verdict and disregarded any claim of self-defense. Such urgency was not made by appointed counsel in his two points of appeal, nor in the seven points on appeal presented by appellant in his pro se brief.

 All of the points of appeal cuddle to the Miranda mirage, and stem from a very short dialogue that occurred immediately after the altercation between the appellant and a captain of the guards in which the latter asked the former if the knife which he surrendered to a guard belonged to appellant, who answered in the affirmative. To hold that such a question, under the circumstances of this case, without telling the appellant he had a right, before answering the question, to remain silent, was entitled to counsel, for free, and some other Miranda interdiction simply would make a shambles out of the Constitution and the administration of a penal institution. All the talk about inculpatory, exculpatory, accusatory situations as a matter of common sense is inapropos in this case, in the protection of law-abiding American citizens.

We believe and hold that other errors assigned are unsupported in the record.

In deciding as we do, we nonetheless express appreciation for the highly acceptable efforts of counsel appointed by the court, disagreeing with appellant's feelings and implications that the former was incompetent.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ.